Huang v. Barr

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 3rd day of February, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             RICHARD J. SULLIVAN,
                  *Circuit Judges.*

───────────────────────────────────────────────

XU QIANG HUANG, AKA XU QIANG DONG, AKA SHU CHUN DONG,

                  *Petitioner*,

             v.                                                17-2705

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

                  *Respondent*.

───────────────────────────────────────────────

Appearing for Petitioner:     Theodore N. Cox, New York, N.Y.

Appearing for Respondent:     Brooke M. Maurer, Trial Attorney, Office of Immigration
                              Litigation (Chad A. Readler, Acting Assistant Attorney General,
                              Carl McIntyre, Assistant Director, *on the brief*), United States
                              Department of Justice, Washington, D.C.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this petition for review of a decision of the Board of Immigration Appeals ("BIA") be and it hereby is **GRANTED**.

Petitioner Xu Qiang Huang, a native and citizen of China, seeks review of an August 16, 2017 decision of the BIA denying his motion to reopen. *In re Xu Qiang Huang*, No. A 072 837 948 (B.I.A. Aug. 16, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). "An abuse of discretion may be found in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (citations omitted).

Although Huang's motion was untimely and number barred, the BIA concluded that the limitations were excused based on a material change in conditions for Falun Gong practitioners, specifically the Chinese government's ban of Falun Gong in 1999.[1] The BIA denied the motion solely on the ground that Huang failed to demonstrate his prima facie eligibility for relief. To obtain reopening "the movant must . . . establish *prima facie* eligibility for asylum, *i.e.*, a realistic chance that he will be able to establish eligibility." *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005) (internal quotation marks and citation omitted).

The BIA's lack of clarity as to the legal standard for asylum amounts to an abuse of discretion and warrants remand. The BIA found that Huang would not "likely" suffer persecution, but Huang only had to establish a "reasonable possibility" of persecution to make a prima facie case for asylum. *Kyaw Zwar Tun v. U.S. INS*, 445 F.3d 554, 565 (2d Cir. 2006). Moreover, although the BIA cited its own precedent and our case law, including *Hongsheng Leng v. Mukasey*, which recite the appropriate standards, it did not clearly apply those standards. 528 F.3d 135, 138, 142–43 (2d Cir. 2008). The Government cites our holding that we do not require lower courts to "recite any magic words to assure that they have applied the appropriate standard" when the evidence supports a finding, *United States v. Walsh*, 119 F.3d 115, 121 (2d Cir. 1997), but given the lack of clarity over the standard used and, as explained below, the BIA's conclusory analysis as to what amounts to persecution, there is little support for the agency's decision.

In addition to incorrectly applying a heightened standard for asylum, the BIA abused its discretion because its analysis of Huang's prima facie eligibility for relief "contains only summary or conclusory statements." *Ke Zhen Zhao*, 265 F.3d at 93. The BIA noted that Huang

---

[1] Neither party disputes this finding, and we therefore do not address whether country conditions have changed. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *see also Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 117 (2d Cir. 2007).

would practice Falun Gong daily and publicly and found that "Chinese citizens who practice Falun Gong or participate in Falun Gong activities in the United States may be detained or subject to re-education upon their return to China." The BIA, however, did not elaborate on why this "mistreatment" would not amount to persecution. *See Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985) (defining persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive"), *overruled in part on other grounds by INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987).

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision denying the motion to reopen is VACATED, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk